MaNly, J.
 

 This is a bill filed by the heirs-at-law of James I). Taylor, against the administrator and heirs-at-law of Anderson Crowder, to enjoin the administrator from making a title to the latter, upon the allegation that their ancestor did not pay for it. The bill admits that Taylor executed a bond
 
 *154
 
 for a title, but alleges that the evidences of payment have been fraudulently procured or fabricated. The prayer is, that a conveyance of the land may be perpetually prevented by an injunction ; or, if already made, that the deed may be recalled and cancelled, and that the evidences of payment may be. impounded.
 

 We think the plaintiffs have mistaken their equity. Their ancestor having entered into the bond, the administrator, under the provisions of the Rev. Code, ch. 46, sec. 37, is bound to carry it into execution according to its conditions. If the money has been paid, the administrator’s sole duty is to make the title; if it has not been paid, his duty is to collect, and, thereupon, to make title. So, that in either case, he is charged with the specific execution of this testator’s obligation.
 

 The equity of the heirs-at-law of Taylor, according to the allegations of their bill, and upon the supposition that the purchase-money was never paid, would be to call for a specific performance themselves, and not to nullify the contract altogether; or, in calling the administrator to an account they would have a right to regard the failure to collect this debt, or the making title without requiring its payment, as a culpable negligence or waste in respect to his assets, and make him account for the same.
 

 The above view of the case is taken upon the allegations of the bill alone, disconnected from the answers and proofs. It is due to the latter to say that they do not leave the merits of the bill unaffected.
 

 The complainants are not entitled to the relief they seek, and the bill must be dismissed with costs.
 

 Per Curiam, Bill dismissed.